No. 98.—JESSE JONEKIN, plaintiff in error, *vs.* WILLIAM HOLLAND, adm'r of THOMAS STUDSTILL, deceased, defendant in error.

<div style="float:right">7 589<br>114 757</div>

[1.] A Court of Equity will enjoin an administrator from recovering a tract of land, where the intestate has been dead twenty-six years, and the heirs were all of age at the time of his death, and for more than seven years next preceding the commencement of the action, and where there are no debts against the estate, and the defendant has been in adverse possession for upwards of twenty years before administration was granted.

In Equity, in Tatnall Superior Court.   Decision on demurrer, by Judge HOLT, October Term, 1849.

Thomas Studstill died intestate in the year 1820.   In 1846, William Holland obtained letters of administration on his estate, and as administrator, commenced an action of ejectment against Jesse Jonekin, for a tract of land lying in Tatnall County.

Jesse Jonekin filed his bill in Equity, alleging these facts, and farther, that at the time of the death of Studstill, all of his heirs at law or distributees were of full age, and had been of full age

and under no legal disability, for more than seven years before the commencement of this action of ejectment; that there were no debts due by Studstill at the time of his death, or at the time of the granting of the letters of administration, and that complainant, Jonekin, had been in the peaceable and quiet possession of the land for more than twenty years preceding the commencement of the action of ejectment, claiming it as his own, paying taxes thereon, and " adversely to the world."

The bill prayed a perpetual injunction of the action of ejectment.

To this bill a general demurrer was filed for want of equity. The Court sustained the demurrer, and complainant sued out a writ of error to this Court.

W. B. GAULDEN, for plaintiff in error.

HENRY & WARD, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Thomas Studstill died in 1820, intestate. In 1846, William Holland took out administration upon the estate, and brought an action of ejectment against Jesse Jonekin, for a tract of land in Tatnall County. There was a recovery on the first trial, and an appeal entered, and pending the appeal this bill has been filed. The complainant, in addition to the foregoing facts, farther charges, that at the time of the death of Thomas Studstill, all of his children, and the representatives of children, were of full age, and that for more than seven years next preceding the suit, all the heirs and next of kin of the deceased were barred by the. Statute of Limitations; that he had been in the peaceable and legally acquired possession of the premises, under claim of right, for more than twenty years; making improvements thereon, and cultivating and inclosing the land, and exercising acts of ownership over it, without notice of the pretended adverse title now set up; that Thomas Studstill, at his death, did not owe a dollar, and that no debt has subsequently come against the estate to render an administration necessary or proper; and he prays the Court for a perpetual injunction against the action at Law.

Is the complainant, under these circumstances, entitled to the

relief which he seeks?   In *Conyers vs. Kennon*, (1. *Kelly*, 379,) this Court say, "We are not prepared to say that a former administration would not be presumed, after the lapse of a great length of time, in order to protect the title of the occupant.   Courts in our sister States have intimated such a purpose.   Even grants are presumed, for the purpose of quieting ancient possessions. Moreover, we are not quite clear that Chancery would not grant a perpetual injunction, notwithstanding its reluctance to restrain *legal rights*, in a case where the heirs at law have conveyed or are barred, and there are no creditors."

I am happy to find that my brethren are quite clear, that Equity *will interpose* to protect the occupant, under the facts set forth in the bill.   It would be a palpable fraud upon the law to permit the heirs to do that indirectly, under color of an administration, which they have lost the right to do directly.   This case, and many similar ones which have occurred in this State, demonstrate the necessity of imposing a statutory limit upon the time within which administration shall be granted, where there are no disabilities to prevent.   Why should even a *creditor*, at the end of twenty years, be allowed, after sleeping over his rights for such a period of time, to disturb the titles to property?

The judgment below must be reversed.