No. 90.—EGBERT P. DANIEL, plaintiff in error, vs. MAD. SAPP, adm'r, &c. defendant.

[1.] Fraudulent administrations, or such as are procured for selfish purposes, and not at the instance or for the benefit of heirs or creditors, should be discouraged by the Courts.

[2.] An injunction will not be dissolved, when the equity of the bill is not denied by the answer.

In Equity, in Chattahoochee Superior Court. Decision by Judge KIDDOO, May Term, 1856.

Madison Sapp, as administrator of Alexander Moss, filed a bill against Egbert P. Daniel, alleging that one David Hamilton drew a tract of land specified in the bill; that after his death, his heirs took out the grant, and being of age, sold and conveyed the same to Alexander Moss in 1835; that Moss went into possession and remained in possession till his death, in 1851. In 1852, complainant being appointed administrator of Moss, offered this land for sale, when it was claimed by one Egbert P. Daniel, who derived title from a sale made by one Deloach, who was appointed administrator

of Hamilton in 1848, and sold this land as such. The bill alleged that Hamilton owed no debts, and that the administration by Deloach was fraudulent and the sale void, the land being in possession of Moss at the time, and for more than seven years previously. The prayer was for a perpetual injunction.

The answer admitted the death of Hamilton ; denied that *all* the heirs sold to Moss, specifying *three* that were minors at the time, and whose names do not appear in the deed. The answer alleged that there were debts due by Hamilton, as he was informed and believed, and that amongst others the estate was indebted to one Cargille." Denied all fraud and collusion, and even knowledge, of the adverse claim of Moss.

On the coming in of the answer, a motion was made to dissolve the injunction—

1st. Because there was no equity in the bill.

2d. Because the answer swears of all the equity.

The Court refused to dissolve the injunction, and this decision is assigned as error.

—————————, for plaintiff in error.

—————————, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Ought the injunction in this case to have been dissolved ? We think not.

[1.] The set time has come to check these speculative administrations. Originating in the meanest feeling of our fallen nature, they are the prolific source of much of that litigation under which the land groans. Men die leaving their estates unrepresented—the family meet and make some arrangement as to the property, which is satisfactory to themselves. There are no debts to pay. By-and-by some evil-eyed person, after the lapse of fifteen or twenty years, with a view to possess himself of a lot of land or some other piece

of property which once belonged to the estate, being neither kin nor creditor, applies for and obtains administration, and fraudulently, under color of law, takes steps to appropriate the property to himself, or to the benefit of some friend—thus disturbing matters that had long slumbered quietly, and would have remained at repose for all coming time but for this untoward intermeddling. Such conduct is of a piece with another practice once rife in our State, viz: going by moonlight with chain and compass, to ascertain whether a neighbor's land runs out right; and if not, to procure a warrant and locate upon it as vacant land. We detest such selfishness.

When pressed to give a reason for his interference with this estate, the defendant's answer is, that the estate owes a debt to one Cargille or somebody else! which has stood for a score of years, the amount of which he knows nothing about, and of which he never was notified; and that several of the heirs of Hamilton did not join in the conveyance to Sapp! How supremely ridiculous! Who made him, kind hearted creature, the self-constituted keeper of this very patient creditor and these uncomplaining heirs! The very shallowness of the pretext colors the *mala fides* of this transaction with a deeper crimson!

If there be a few dollars owing to any body, the Jury, at the hearing, will decree its payment, if it be equitable for it to be done. And as for the heirs, they are abundantly able to take care of themselves by ejectment, writ of partition or otherwise.