James Pierce, plaintiff in error, *vs.* John A. Jones, defendant in error.

[1.] Ejectment brought by an administrator, at the instance of persons not in privity with him, in order to give them the use of the intestate's title to the land, they having no title of their own, will be enjoined at the instance of the person in possession.

In Equity, in Polk Superior Court. Decision by Judge Hammond, at May Term, 1857.

John A. Jones filed his bill in Equity against Edward D. Chisolm, James Pierce and Robert F. Morrison. The bill alleges that on the 31st January, 1851, complainant purchased from Manley W. Ford, since dead, lot of land No. 718, in the 18th district and 3d section of Polk county, of the value of $1000, and took Ford's deed for the same. At the time of said purchase, Ford turned over to complainant a deed of said lot from James A. Murray, purporting to be the drawer of said lot, to Ford, dated 10th of December, 1850; that both of said deeds were recorded in due time.

The bill further states that in the year 1850, complainant took peaceable and quiet possession of said land, and has been in the undisturbed possession and enjoyment thereof ever since; that one Robert F. Morrison, a transient person, and Edward D. Chisolm, of Polk county, combining and confederating together, by maintenance, champerty and subornation of witnesses, and buying and selling pretended titles, to cheat and defraud complainant, the said Morrison sold said land to Chisolm, and executed and delivered to him a deed for the same, dated on the —— day of ——, 1850, but which is not recorded.

The bill further states, that Morrison had no valid title to the land when he sold it to Chisolm.

The bill further states that Morrison, or Chisolm, or both, had fraudulently procured one James Pierce to administer on the estate of James A. Murray; and had procured said

Pierce, in fraud of the complainant's right, to bring an action of ejectment against him, for the land, for their benefit, he Pierce, having no interest in the matter, beyond his wages, for aiding in carrying out the fraudulent designs of Morrison and Chisolm.

The bill further states that complainant has made diligent inquiry in Wilkinson county for James A. Murray, and can hear of no such person ever having lived or died in that county; and that James A. Murray, the orphan, whose name was given in for a draw in the gold lottery, and who drew lot No 718, in the 18th district and 5th section, never did live in the county of Wilkinson, nor did he die there; and that the grant of administration on his estate, in said county, is a fraud on the Ordinary of that county; that complainant has commenced his action at law against said Chisolm and Morrison for buying and selling pretended titles to land, contrary to the statute of 32, Henry VIII; that the Sheriff has returned that Morrison is not to be found; he has gone to parts unknown, and seeks to evade the penalty inflicted by law in such cases.

There was an amendment, stating that the James A. Murray, from whom complainant claims title, is a different person from the one whose estate Pierce administered on in Wilkinson county, and that the complainant did not know which, if either, was the drawer of the lot.

The bill prays that the action of ejectment against complainant be enjoined, &c.

Defendants, Chisolm and Pierce, demurred to the bill. Pierce also put in his answer, and alleges that he administered on the estate of James A. Murray, in the county of Wilkinson, some time in the year 1855, at the instance of one Robert F. Morrison, or a man so called, and who represented himself to be a citizen of the State of Louisiana, and agreed to pay the expenses of the administration; a part of which he paid, saying that he had sold the lot of land in dispute to one Ed. D. Chisolm, of Polk county, and that it was

necessary, in order to convey good titles, that administration should be had of Murray's estate. This was the only interest respondent had or now has; has no recollection of authorizing any one to sue in his name for said land, except that he delivered his letters of administration to Chisolm, he agreeing that respondent should be at no expense in the matter. Morrison is a long, tall man, dark complexion, with a large nose. Knows nothing of complainant's or defendant's titles or possession; knows nothing of Morrison's title, except that he said that he had bought the interest of all the heirs of Murray; did not know that Murray ever lived in Chatham, nor where he was from; he lived in Wilkinson county with one William B. Smith, and died at Smith's house, when eight or ten years old; known then by the name of James Murray, and not as James A. Murray; did not know until informed by Morrison, that there was an A. in his name. Smith afterwards removed to Louisiana. Murray died some eighteen or twenty years ago.

Upon the trial complainant moved that the demurrer as to Pierce, be overruled, he having answered the bill. The Court granted the motion, and counsel for defendant excepted.

The demurrer as to Chisolm was sustained by the Court, and the bill dismissed, as to him.

Counsel for defendant then moved that the injunction, as to Pierce, be dissolved, his answer having sworn off all the equities of the bill as to him. The Court refused to hear or consider this motion and counsel for defendant excepted.

Counsel for defendants then moved to dismiss the bill on the ground of want of equity. The Court overruled the motion, and defendants excepted.

IRWIN & LESTER, for plaintiffs in error.

JOHN A. JONES, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was there any equity in the bill?

The bill says that Chisolm claimed the land under Morrison; that Morrison had no title to it; that, nevertheless, in order to enable them, or one of them, to recover the land from Jones, the complainant, they had procured one Pierce, to administer on the estate of one Murray, whom they took to be the Murray who was the drawer of the land, and to bring an action, as such administrator, against Jones, to recover the land for their benefit.

The bill also states, that which makes it doubtful, whether this Murray, or some other Murray, was the person who drew the land.

Let us suppose, that this Murray was that person. In that case, Pierce, as his administrator, held the title to the land; and, therefore, Jones's possession, although it was a good defence to him against the title of Morrison, or that of Chisolm, or the title of both, yet it was not a good defence to him, against the title of Pierce, as the administrator of Murray.

This being so, Pierce, as the administrator of Murray, brought the suit for the land, merely that Morrison or Chisolm, or both, might have the benefit of his title, and might thus, though without any title of their own, be enabled to overcome Jones's defence by possession, and recover the land from him. The suit was for their exclusive benefit.

And the question is, ought Pierce to be permitted to continue this suit?

If the suit by Pierce, as the administrator of Murray, had been brought for the benefit of the heirs of Murray, and Jones had had a good defence against those heirs, as, by the statute of limitations, the suit would have been one subject to be en-

joined at the instance of Jones. *Jonekim vs. Holland*, 7 *Ga.* 589, *Daniel vs. Sapp*, 20 *Ga.* 514.

[1.] Morrison and Chisolm can stand, in no better situation, with respect to Murray's administrator, than that in which, in the case supposed, the heirs of Murray would have stood in respect to him; and Jones has a defence good against them, viz: possession. It follows, therefore, that he must be entitled to have the suit brought by Pierce, for their benefit enjoined.

This is the result, on the hypothesis that the Murray represented by Pierce, was the Murray who drew the land.

If he was not the Murray, the only difference in the case would be, that Jones would have a defence at law, good, not only against Morrison and Chisolm, but also against Pierce.

In the state of doubt that exists on this point, it can hardly be said that Jones has an adequate remedy at law.

Our conclusion, therefore, is, that there was equity in the bill.

It is true, that the facts giving this equity, are stated in connection with other facts in which, we think, there is no equity, viz: the facts of the suits by Jones against Morrison and Chisolm, founded on the 32d of Henry VIII.

In our opinion, the part of that statute on which those suits were founded, is not in force in this State. In my own opinion, no part of that statute is. See my views on the question, whether the statute is, or is not in force, in *Doe ex dem. Morris vs. Roe and Monroe, ten.*, decided at Macon, June, 1857.

But we think, that these facts, and all others connected with them, if connected with them only, may, and should be struck from the bill. These facts, therefore, need not prejudice the other facts contained in the bill.

We think, then, that the Court below was right in overruling the motion to dismiss the bill for want of equity.

And although the Court would not hear the demurrer of Pierce, still we have given him the benefit of that demurrer,

in the conclusion to which we come, that the parts of the bill founded on the 32d Henry VIII, should be struck out. The other grounds of the demurrer, were covered by the motion to dismiss the bill for want of equity; and that motion we have considered.

Was *the equity* in the bill, sworn off by the answer of Pierce? Far from it.

It is true, that the answer says, that Morrison represented to Pierce, that he had bought the title of the heirs of Murray; but it does not say that Pierce believed the representation. Besides, it is doubtful, whether this was not new matter. The whole answer taken together, is anything but a satisfactory denial of the case made by the bill.

Our conclusion, therefore, is, that the motion to dissolve the injunction, founded on the allegation, that the answer had sworn off the equity of the bill, ought not to have been sustained, if the motion had been heard. So, it would, at least, be useless, to order the Court below to hear that motion. We do not say, that refusing to hear such a motion, is not to be considered by this Court, the same as overruling the motion. As to this, we say nothing.

There ought to be an affirmance, except as to the matters ordered to be struck from the bill.

Judgment affirmed, with directions.