Coleman exo'r vs. Lane.

THOMAS COLEMAN, executor, plaintiff in error, vs. BENJAMIN LANE, defendant in error.

[1.] After the lapse of thirty years and upwards, it is legitimate to presume that all the debts of an estate, if there were any, have been paid.

[2.] Where an estate is given for life to the widow of the testator, with remainder to seven children, by name, after the lapse of thirty years and upwards, the Courts will presume that the life estate has vested by the assent of the executor, and with it the remainder in the remainder-men; and upon the death of the tenant for life, the property does not revert to the executor, but continues in the line of direction given to it by the will.

[3.] A remainder-man has the right to sell and convey his undivided interest in a tract of land; and the purchaser under him is not entitled to the occupation of any particular portion, but is joint tenant or tenant in common with the other remainder-men of the whole; which may be partitioned by sale, and the proceeds ratably apportioned, provided the value of the entire land would be depreciated by a division.

Complaint for land, in Lowndes Superior Court. Tried before Judge LOVE, at June Term, 1858.

Coleman ex'or, vs. Lane.

This was an action brought by Thomas Coleman, executor of the last will and testament of Isham Coleman, deceased, against Benjamin Lane, for the recovery of lot of land No. 112, in the 15th district of Lowndes county.

The plaintiff introduced in evidence, the grant from the State of Georgia to his testator, Isham Coleman, letters testamentary to him, and a certified copy of testator's will, admitted to probate on the 3d day of November, 1825, the third item of which will is as follows :

" *Third Item.* I give and bequeath unto my beloved wife, Ann Coleman, for and during her natural life or widowhood, all my estate, both real and personal ; and at the death of my beloved wife, Ann Coleman, the property above willed to be equally divided between my children, seven in number : Sally, Thomas, Charles David, Washington, Isham, Jefferson and James Godwin Coleman."

The possession of defendant at the time of suit brought was admitted.

The plaintiff closed.

The defendant then offered in evidence, a deed executed by Washington Coleman, one of the devisees in remainder, conveying to him (defendant) the lot of land in controversy.

The plaintiff objected to the introduction of this deed, on the ground that it was irrelevant. The Court overruled the objection and admitted the deed, and plaintiff excepted.

The Court charged the jury, that if, from the evidence, they believed that Washington Coleman, the maker of the deed to Lane, was a legatee under the will of Isham Coleman, then his deed vested one-seventh of the land in Lane, and the plaintiff was entitled to recover only six-sevenths of the premises in dispute—the bill showing that there was seven legatees in remainder. And if they believed that Washington Coleman was a legatee, he had a right to convey his

interest in the land, and his deed to the extent of this interest was valid, and vested such interest in the defendant, unless it should appear by evidence, that a sale of the land was necessary to pay debts; the date of the letters testamentary showing that Washington Coleman must have been twenty-one years old when he made his deed. To which charge plaintiff excepted.

The jury found the following verdict: "We the jury find for the plaintiff six-sevenths of the land, and one-seventh for the defendant."

The plaintiff moved for a new trial on the grounds:

1st. Because the presiding Judge erred in admitting in evidence the deed from Washington Coleman to Lane, the defendant.

2d. Because the presiding Judge erred in his charge to the jury.

3d. Because the verdict of the jury, finding one-seventh of the land in dispute for defendant, and six-sevenths for plaintiff, is contrary to evidence.

4th. Because the verdict is contrary to law.

The Court overruled the motion for a new trial, and plaintiff by his counsel excepted.

E. H. PLATT, for plaintiff in error.

JNO. R. ALEXANDER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

John Coleman, on the 12th of December, 1817, made his will, whereby he gave and bequeathed all his estate, real and personal, with the exception of a few small pecuniary legacies, to his wife, Ann Coleman, for and during the term of her natural life; the whole of said property to be equally di-

vided, at the death of their mother, between seven of his children therein named.

The testator having died in the meantime, this will was proven, and admitted to record in November, 1825. Thomas Coleman, one of the executors nominated in the will, was duly qualified, and in 1856, brings this action of ejectment, to recover of the tenant in possession, Benjamin Lane, lot of land No. 112, in the 15th district of Lowndes county. The plaintiff offered in evidence, a copy plot and grant from the State to his testator, his letters testamentary, together with a certificate of his appointment from the proper Court. The possession of the defendant, at the commencement of the action, having been admitted, and here closed his case.

The defendant tendered in proof, a deed from Washington Coleman, one of the seven residuary remainder-men mentioned in the will; to the introduction of which the plaintiff objected, but the testimony was allowed to go to the jury by the Court, and here the defendant rested his case.

Under the charge of the Court, and upon the foregoing proof, the jury found six-sevenths of the land for the plaintiff, and one-seventh for the defendant. Was the verdict right, and can it be executed?

[1.] It will be observed, that the will of the testator was admitted to record thirty-three years ago. We hold, that it is legitimate to presume, that the debts of the testator, if there ever were any, have long since been paid—even specialties and statutory liabilities being barred after the lapse of twenty years.

[2.] And further, we think we have a right to assume, that the executor has assented to the vesting of the life estate in Mrs. Coleman. It was his duty to do so, so soon as the debts were discharged; and even before, if this land was not needed for this purpose. Upon the vesting of the life estate in the widow, *eo instanti*, the residuary remainder vested in the seven children named in the will. Washington Coleman was one of them. He sold his interest, which was one-

seventh of the lot, to Benjamin Lane. If the mother be still living, it is her business, if she see fit, and not the right of the executor, to prosecute this possessory action. If she be dead, the right, under the will, belongs exclusively to the residuary remainder-men. For, according to the decisions of this Court and, we apprehend, the well settled law upon this subject, this remainder does not revert back to the estate to be disposed of by the executor, but goes on in the line of direction given to it by the will. So, then, whether Mrs. Coleman be living or dead, the executor has no right to disturb the possession of Lane, who stands in the place of Washington Coleman, as to one-seventh of this land.

[3.] But it is complained, that the finding of the jury cannot be executed. Nothing is easier. And the misapprehension upon this point gave rise, likely, to the institution of this proceeding.

Washington Coleman could sell no particuler portion of this land. His feoffee, Lane, can hold no definite part or parcel, as against the other remainder-men. This verdict lets the executor, or rather, it should have been, the other six legatees, into the joint occupation with Lane, of the *whole* lot, and *every part* of it. Lane is entitled to one undivided seventh, and the executor, according to the verdict, to six-sevenths. There is no necessity, as counsel suppose, of effecting a sale or division. Under the Act of 1837, *(Cobb, 583,)* the land can be sold for the purpose of partitioning it, and the proceeds ratably apportioned to the several claimants, provided it shall be made appear to the Court, that the value of the entire tract would be depreciated by subdividing it. If, when the other parties are put into possession, they do not desire a sale, and they can all agree upon the joint use, very well—the finding of the jury will have been fully executed.

I would respectfully suggest, out of abundant caution, that it would be well, if the land be partitioned, to give notice to all the residuary remainder-men, or parties in interst. For

it might be a serious question hereafter, whether the executor represents them, either in this litigation, or in the subsequent proceedings which may result from it. A partition, lawfully made, will cure this and all other defects.

Judgment affirmed.