FLEMISTER *v.* FLEMISTER.

83    79
119   557

83    79
128   735

1. The question of prescription does not arise where as much as seven years possession is not shown. And where proceedings to assign dower affect the element of prescription only, their regularity is not in question in such case.
2. The residuary devisee has both title and the right of possession, according to the face of the will, although assent of the executor (the executor having declined to qualify) be not affirmatively shown, the will having been probated more than twenty years; and although the devise of the *residuum* was after the payment of debts, etc., the existence of debts or charges upon the estate not being proved, the presumption after such a lapse of time being against their existence.
3. Certificate of sale by the deputy-collector of internal revenue for internal revenue taxes does not pass title to the land, and is not evidence that title has pssed, but only that the holder has a right to acquire title by deed, or to receive the money necessary to effect redemption.
4. The defendant in ejectment cannot defeat the action or delay recovery until he is reimbursed for an alleged payment to redeem the land from tax sale under the United States revenue laws, where it does not appear that he in fact redeemed, and where if he did, the money advanced, if not belonging to the tenant in dower, belonged jointly to himself and another, such other not being a party before the court and being interested in the question of reimbursement.

May 17, 1889.

Title. Prescription. Executors. Wills. Estates. Presumptions. Evidence. Ejectment. Dower. Redemption. Parties. Before Judge BOYNTON. Newton superior court. September term, 1888.

Reported in the decision.

L. L. MIDDLEBROOKS and CAPERS DICKSON, for plaintiff in error.

J. M. PACE and E. F. EDWARDS, *contra.*

BLECKLEY, Chief Justice.

Taking the results of all the evidence, both that admitted and that rejected, Flemister, the testator, died in 1866, and his will was probated and admitted to record, but the nominated executors declined to qualify. His residuary legatees and devisees were his widow and child, in equal shares, with a provision that if the former died leaving no other child, her share was then to belong to the latter. The same persons were his only heirs at law. In the *residuum* was a tract of land containing several hundred acres, in which the widow claimed dower, which was assigned to her. Afterwards the whole tract was sold under the revenue laws of the United States, for internal revenue taxes assessed against the testator, the deputy-collector giving the purchaser a certificate of the sale as provided for by the statute. Within the year allowed by law for redemption, the widow executed a power of attorney to the plaintiff in error to redeem the dower, and he went to Augusta under the power, but whether he redeemed or not was not proved, though he testified as a witness. According to the rejected evidence, he and one Lee took jointly from previous assignees an assignment of the deputy-collector's certificate of sale, paying jointly therefor. Afterwards in the same year (1868), the widow certified in writing that she transferred to him (the plaintiff in error) all her right and title to the whole tract; and in 1877 she conveyed to him by deed, for a consideration paid in 1869, her dower, the deed reciting that the dower had been duly laid off by the superior court of Newton county, and referring to the records of that court. In 1887, the widow died, leaving no child but the defendant in error, her co-legatee and devisee under the will of the husband and father. After her death the suit was brought by him against the plaintiff in error, to recover the land embraced in

the dower, the dower estate therein having terminated. The action involved none of the original tract, except the part assigned to the widow as dower.

1. The only evidence touching possession of the premises sued for was that the defendant below was in possession when suit was brought. This puts prescription out of the case, and renders immaterial all the evidence as to the regularity of assigning dower to the widow.

2. The questions left are three. The first is whether, according to the terms of the will, and without respect to the sale for taxes, the son was invested with title and the right of possession when his suit was brought. The first objection is, that no assent of the executor was shown. The answer to this is two-fold: there was no executor, and if there had been, his assent might have been presumed from the length of time which had expired, to wit, more than twenty years, after the probate of the will. The second objection is, that by the terms of the will the *residuum* was not bequeathed and devised to vest in title and possession immediately, but after the payment of the testator's debts, etc. The shortest reply to this is, that no debts or other charges on the *residuum* were shown to be outstanding, and the lapse of time was sufficient to raise the presumption that none existed.

3. The next question is whether the officer's certificate of the tax sale passed title to the purchaser, or was evidence that the devisee was without title? We think the certificate neither passed title nor was evidence that title had ceased to be where it was before. The statutes of the United States on the subject apply to this question, and are decisive of it. See Rev. Stat. §§3198, 3199. They contemplate that title is to pass not by certificate but by deed; and that the certificate

v 83-6

is to be evidence of the right to a deed or to the redemption money, but not of any direct right to the land or possession thereof  Such a certificate is a step in acquiring land, but another  step is necessary to arrive at ownership.

4. The last question is whether, under the pleadings and evidence, the plaintiff below, as a condition precedent to recovery, was chargeable with any sum as redemption money paid by the defendant below to redeem the land from the results of the tax sale.  Two answers to this question are at hand.  One is that there is no evidence that the land was redeemed, but only that a power of attorney was given to redeem the dower, and that a trip to Augusta was made under the power. The second is, that if it was redeemed, Lee was joint owner of the money, and he is not a party to this claim for equitable relief.  But the first is decisive.  The whole tenor of the rejected evidence is that the power given by the widow to redeem was not intended to be executed, but that the plaintiff in error intended to ignore the power—whether in good or bad faith to the donor we need not say,—and to purchase the certificate of sale jointly with Lee.  Lee is as much an owner of the certificate as he is, and if one is entitled to a deed from the government officer, the other is equally entitled.  And if one can be considered as having redeemed, the other has a joint interest with him in the money advanced for that purpose.  A still further observation to be made is, that if one or both of them redeemed under the power given by the widow, the presumption ought to be that she furnished the money with which the redemption was effected, or if they advanced the money, that they advanced it for her and at her request; and they are her creditors for the same, and not the creditors of one whom they did not represent and from whom they had no authority to redeem.

There is no direct evidence in the record, and **none** was offered, to show whose money was used in the so-called redemption.

The court did not err in refusing to grant a new trial.

*Judgment affirmed.*