PHILLIPS, administrator, v. SMITH et al.

The assent of an executor to a devise will be presumed after the lapse of more than thirty years; and where a finding that such assent was given will necessarily constrain a verdict for the defendant, and the plaintiff fails to rebut the presumption of assent, it is not error to direct a verdict for the defendant.

Argued January 26,—Decided February 16, 1904.

Complaint for land.    Before Judge Roberts.    Montgomery superior court.    May 1, 1903.

J. B. Geiger and James K. Hines, for plaintiff.

F. H. Saffold, A. C. Wright, and R. J. Williams, for defendants.

CANDLER, J.    This was an action of ejectment, originally instituted by Salter as executor of Micajah Phillips, against Smith, to recover land in Montgomery county.    Salter died pendente lite, and William Phillips was appointed administrator with the will annexed, and made a party plaintiff.    On the trial the plaintiff introduced a grant from the State to Micajah Phillips, conveying the land in dispute, and proved the value of the land and his right to sue as administrator.    The defendant relied on three defenses: (1) title under a sheriff's sale of the premises as the property of Micajah Phillips; (2) that the title to the land had been adjudicated against the plaintiff in a former litigation between Phillips and others, suing as heirs at law, and Rentz Brothers & Roberts, under whom the defendant claimed; and (3) title out of the plaintiff by reason of the fact that with the assent of the executor the land had passed from him to the legatees under the will of Micajah Phillips.    In the view that we take of the case it is only necessary to pass upon the question presented by the last of these defenses, the judge having directed a verdict for the defendants, and it not being material to the decision now made to pass upon the complaints as to the admission of evidence arising under the other defenses set up.

When the litigation touching this case was before us on a former occasion (Phillips v. Rentz, 106 Ga. 249, wherein W. M. Phillips and others, as heirs at law of Micajah Phillips, were suing Rentz Brothers & Roberts to recover damages in trespass), it was held that " Where the plaintiff in a suit to recover for damages to realty relies upon his right as an heir at law, and upon the trial it

appears from the evidence of the defendant that the ancestor of the plaintiff died testate, and that the land which is claimed to have been damaged was devised, but the record does not disclose who was the devisee, it is not error to direct a verdict in favor of the defendant." It is clear that if title passed out of the executor by reason of his assent to the vesting of the legacy in the will of his testator, his successor, the administrator with the will annexed, can not recover the land in an action of ejectment. Under the Civil Code, §§ 3319, 3320, no devise or legacy passes title until the assent of the executor is given to such devise or legacy; but the assent of the executor may be presumed from his conduct, as well as his expressed consent. We think the evidence in this case conclusively shows that Salter, the executor, assented to the devise of the land in dispute to the persons named in the will of Micajah Phillips, and that taking the testimony all together there is really no conflict on this point. A casual reading of the evidence might give rise to the impression that there was some evidence which, if believed, would tend to disprove this assent; but taking the testimony of the different witnesses all together, in no case is the contention that assent was given really disputed. Even in the absence of a showing that the executor expressly consented to the devise, however, it is clear that his assent will be presumed from the length of time, more than thirty years, which elapsed after the death of the testator before the suit was brought. *Flemister* v. *Flemister*, 83 *Ga.* 79. This presumption may be rebutted, it is true; but the burden is on the party denying assent to overcome the presumption arising from the lapse of time, and in this case the burden was not sustained. See, on this subject, *Coleman* v. *Lane*, 26 *Ga.* 515; *Jourdan* v. *Miller*, 41 *Ga.* 51; *Thursby* v. *Myers*, 57 *Ga.* 155; *Vanzant* v. *Bigham*, 76 *Ga.* 759.

Judgment affirmed. *All the Justices concur, except Simmons, C. J., absent.*