HODGES, administrator, *v.* STUART LUMBER COMPANY.

After the lapse of twenty years from the date of the qualification of the legal representative on an estate, as a general rule it is legitimate to presume that the estate has been fully administered and a distribution had according to law in cases of intestacy, and according to the will

where the decedent died testate and the terms of the will do not negative the inference. This presumption is not conclusive, but the burden in such cases is upon the legal representative seeking to assert a right or title of the estate to show such facts as are sufficient to remove the same.

Submitted May 25,—Decided July 13, 1907.

Trespass. Before A. G. Powell, judge pro hac vice. Decatur superior court. May 3, 1906.

Hodges, as administrator de bonis non, with the will annexed, of Alley Hugueley, brought an action against the Stuart Lumber Company, alleging that a described lot of land was the property of the estate which he represented, and that the defendant entered upon the land and felled and carried away all of the timber thereon; such timber being of the value of $1,200. The petition prayed for a judgment for the amount above referred to, and for process. The defendant filed an answer denying all of the material allegations imposing a liability upon it. It also specially pleaded that the title to the lot at the time of the alleged trespass was not in the plaintiff, but in the devisees under the will of Alley Hugueley, and that the executor had assented to the devise. It further pleaded that it holds the lot under a warranty deed from Wainman, and that it took possession in good faith under such deed. The plea then attacked the judgment of the ordinary of Wilkes County, appointing the plaintiff as administrator de bonis non, etc. The trial resulted in a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was granted, and the plaintiff excepted. It appears from the brief of evidence that the parties have agreed that the verdict, so far as the amount is concerned, was demanded by the evidence; and it also apppears, from the order of the judge overruling the motion, that he was entirely satisfied with the verdict as to the amount, but based his grant of a new trial solely upon the point that the plaintiff was not entitled to recover at all. The lot in question is not referred to in the will of Alley Hugueley; and if it passed at all under the will, it was under the residuary clause, which is in the following language: "I will and bequeath that all the rest and residue of my estate, both real and personal, be sold by my executor as soon as may be convenient and suitable after my death, and that the net proceeds thereof be divided into nine equal shares." The persons to take the shares

are the four sons, the three daughters, a granddaughter, and the children of a daughter. The will was executed in 1840. Alley Hugueley died in 1841 or 1842. The record does not disclose when the will was admitted to record.

*Bower & Bower* and *A. H. Russell,* for plaintiff.

*Donalson & Donalson,* for defendant.

Cobb, P. J. (After stating the facts.) So far as the attack upon the judgment of the ordinary appointing the administrator is concerned, the case is controlled by the ruling in *Sharpe* v. *Hodges,* 121 *Ga.* 798, which involved the very judgment now in question. The case turns upon the question whether the administrator with the will annexed is vested with the right to recover the possession of the land. If not, he can not bring an action of trespass. The administrator with the will annexed has all the power of the executor, except such as arises from personal trust and confidence. Civil Code, §3309. When an executor assents to a devise or a legacy, all interest of the estate in the property passes out of him. The assent is generally irrevocable; and this is true although the remainder of the assets are insufficient to pay the debts. *Watkins* v. *Gilmore,* 121 *Ga.* 488. After the lapse of twenty years there is a presumption that the executor has assented to a legacy. *Flemister* v. *Flemister,* 83 *Ga.* 79; *Phillips* v. *Smith,* 119 *Ga.* 556. After the lapse of twenty years it is legitimate to presume that all the debts of the estate have been paid. *Coleman* v. *Lane,* 26 *Ga.* 515. Should there not be also, after such lapse of time, a presumption that there has been a distribution, either in kind or in money, if the will requires a sale and a division of the proceeds? The law contemplates that there shall be a final settlement of an estate within twelve months after administration is granted. Civil Code, §3439. While there may be no presumption that there has been a final settlement within the twelve months, ought it not to be legitimate to presume, after a lapse of twenty years, that there has been? Presumptions of payment and final settlement have been held to arise from the lapse of time and defeat legatees in suits to recover legacies. 1 Woerner's Law of Adm. (2d ed.) §§538-568; 18 Cyc. 607. Where one is in possession of property once belonging to an estate, and the legal representative seeks to recover the same after the lapse of more than twenty years, ought a prima facie case for recovery to arise merely by proof of title in the de-

ceased and administration granted? Ought there not to be in such a case, in the interest of repose and the quieting of possession, at least an inference of fact that the possessor acquired title either directly or indirectly from those who took under the will? Any other rule would put in jeopardy the title to every foot of land in the State, where the owner is not able to show a perfect paper title or possession for the period required to work a title by prescription. Administration could be obtained on the estate of the original grantee in any given case, and the legal representative thus require any occupant to defend his title, although those under whom he claims might have had a perfect chain of title but on account of the loss of the original deeds, failure to record the same, destruction of the records, or similar reasons, the chain could not be produced, and on account of the death of witnesses secondary evidence would not be available. Certainly it must be the law that as against a second administration, granted more than twenty years after the death of the decedent and the time for final settlement under the first administration, it is legitimate to presume, in behalf of a possessor, that there has been a final settlement and that the right of the legal representative to recover had passed out of him, either by assent to legacies or sales in conformity to the provisions in the will, or in some other way known to the law, and cast upon the legal representative, whose appointment was so long delayed, the burden of showing that there had been no final settlement by his predecessor. See, in this connection, *Bullock* v. *Dunbar*, 114 *Ga.* 754; *Woolfolk* v. *Beatly*, 18 *Ga.* 520; *Daniel* v. *Sapp*, 20 *Ga.* 514. To quiet title such a presumption is absolutely necessary. The law requires an executor to qualify within one year after the will is admitted to record, and also requires that the will be proved as soon as practicable after the death of the testator. Civil Code, §3294. When it appears that a will has been admitted to record, but the date when so admitted does not appear, it is legitimate to presume that it was proved within a reasonable time after the death of the testator. A jury would certainly be authorized to raise such an inference, even though there may be no presumption of law. When the case is considered as a whole, we can not say that the verdict was absolutely demanded by the evidence; and this being the first grant of a new trial, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur.*