HODGES, administrator, *v.* STUART LUMBER COMPANY.

1. The court did not err in excluding from evidence the following entry of service of another suit previously brought by the plaintiff in the present case against another party: "Georgia, Decatur County. I have this day served H. M. Graham personally with a copy of the within original, and T. C. Wainman by leaving a copy of the within original at his most notorious place of abode. This May 8, 1902. A. W. Fordham, sheriff." This entry of service did not show service upon the defendant so as to make it bound by the judgment in the other suit, under the provision of the Civil Code, § 5579.

2. Nor did the court err in refusing to permit one who was the attorney at law for the plaintiff in the other suit to testify that he had instructed the sheriff to serve the defendant in the present suit.

3. The court did not err in refusing to allow an amendment of the entry of service just quoted, so as to show that the "service was on the Stuart Lumber Company by serving H. M. Graham, the general manager."

4. The plaintiff having failed to produce any evidence to establish facts which were held, when this case was formerly before the Supreme Court, to be essential for him to show in order to make out a case, he was not entitled to recover on the last hearing.

         JULY 19, 1913. REHEARING DENIED SEPTEMBER 27, 1913.

Action for damages. Before Judge Frank Park. Decatur superior court. November 14, 1911.

*G. G. Bower, Russell & Custer,* and *Bower & Bower,* for plaintiff. *M. E. O'Neal* and *Donalson & Donalson,* for defendant.

BECK, J. Hodges, as administrator of Alley Huguley, brought suit against the Stuart Lumber Company to recover damages for alleged trespass, which consisted in the cutting of timbers on certain described lands. There was proof submitted showing that the defendants had cut and removed timber of the alleged value. At the conclusion of the evidence the court directed a verdict for the defendant, and the plaintiff excepted.

1. Suit had been previously brought against Sharpe & Drake

by the plaintiff in the present case, to recover the land from which it is alleged timber had been cut and carried away. That suit resulted in a verdict for the plaintiff. Upon the petition in that former suit there was the following entry: "Georgia, Decatur County. I have this day served H. M. Graham personally with a copy of the within original, and T. C. Wainman by leaving a copy of the within original at his most notorious place of abode. This May 8, 1902. A. W. Fordham, sheriff." And when this was offered in evidence by the plaintiff, it was objected to on the ground that it was irrelevant and immaterial, and this objection was sustained. We think the court correctly held that the evidence was inadmissible. The purpose of offering the entry of service in evidence was to show that the defendant in the present case was bound by the judgment in the former suit of Hodges, administrator, v. Sharpe & Drake, under the provision of the Civil Code, § 5579, which reads as follows: "A plaintiff in ejectment may in all cases make the true claimant defendant by serving a copy of the pending action upon him, and the person so notified shall be bound by the judgment." But service upon Graham personally or upon Wainman personally was not service upon the Stuart Lumber Company, and did not make the Stuart Lumber Company a party to that suit, so as to have the effect of making the judgment rendered in that suit binding upon the defendant in the present suit.

2. Nor did the court err in refusing to permit one who was the attorney at law for the plaintiff in the other suit to testify that he had instructed the sheriff to serve the defendant in the present suit.

3. The plaintiff then introduced the following evidence: "Amos Fordham, sworn for the plaintiff testified: 'I wrote that entry myself. I think I served H. M. Graham. Mr. Graham was working with the Stuart Lumber Co. I left a copy with him; he was at his office at Brinson, the office of the Stuart Lumber Co.' C. S. Hodges, recalled for the plaintiff, testified: 'That Graham was in charge of the Stuart Lumber Company's business as general manager.'" And after this evidence was introduced, the plaintiff moved the court "to allow Amos Fordham, as sheriff of Decatur county, to amend his original entry of service [the entry of service just quoted] in the suit of Hodges, administrator, v. Sharpe & Drake, so as to show that said service was on the Stuart Lumber

Company by serving H. M. Graham, the general manager." The court refused to allow the amendment, and properly so, we think. Where a declaration in an action of ejectment or of complaint for land names a party defendant and service is in fact effected upon such party, and the official entry is irregular or defective, it may be so amended as to speak the truth and show that the service was actually made but irregularly entered. But where a person is not named as a defendant in the action, and it is sought to bind him by the judgment rendered therein by means of service alone, an entry of service upon one person can not be amended into an entry of service upon another, though it be claimed that such other was in fact the principal of the person actually served, there being nothing on the face of the record or the entry of service to notify such second person that he was a defendant or was to be bound by the judgment or was called on to defend the action in any way. To allow such an amendment would be, in substance, to render a judgment and bring in a party afterwards by amendment to be bound by it.

4. Having failed to amend the entry of service upon the petition in the case of Hodges, administrator, v. Sharpe & Drake, there was no competent evidence in the case that Stuart Lumber Company had been served with a copy of that action; and that being true, the Stuart Lumber Company was not bound by the verdict and judgment therein. Hence the Stuart Lumber Company was let in to its defense, and had the right to show that the administration of Hodges was a stale administration; and it was actually shown by evidence introduced by the defendant in this case that the will of Alley Huguley had been probated in the year 1847, that the executor qualified, and that the present administrator, Hodges, took out letters of administration in the year 1900. The administrator, Hodges, testified: that he knows the lot of land number 186 in the twenty-first district of Decatur County; that the same belongs to the estate of Alley Huguley; that same is in the possession of the administrator; that the timber was cut on this lot of land by the Stuart Lumber Company while the lot was in his possession as administrator in 1903 and 1904; that the damage to said land was the value of the timber, which he estimated to be worth twelve hundred dollars, and he knew how to estimate timber and knew the value of the timber at that time; that at the time that the

original suit was brought for the lot of land, he was in the turpentine business and needed the lot for turpentine purposes; that he got appointed administrator; that no one asked him to become administrator; that he went to Wilkes county to see about it; that he never saw any of the heirs of Alley Huguley; that there were no debts against the estate of Alley Huguley that he knew of; nor were there any debts owing to the estate of· Alley Huguley; and that he did not know how long Alley Huguley had been dead when he was appointed administrator.

When this case was here before, on a bill of exceptions sued out by this same plaintiff in error to review the judgment· of the court below granting the defendant in the present case a new trial, it was said, in the course of the decision affirming that judgment, that: "The case turns upon the question whether the administrator with the will annexed is vested with the right to recover the possession of the land. If not, he can not bring an action of trespass. The administrator with the will annexed has all the power of the executor, except such as arises from personal trust and confidence. Civil Code [1895], § 3309. When an executor assents to a devise or a legacy, all interest of the estate in the property passes out of him. The assent is generally irrevocable; and this is true although the remainder of the assets are insufficient to pay the debts. *Watkins* v. *Gilmore,* 121 *Ga.* 488 (49 S. E. 598). After the· lapse of twenty years there is a presumption that the executor has assented to a legacy. *Flemister* v. *Flemister,* 83 *Ga.* 79 (9 S. E. 724); *Phillips* v. *Smith,* 119 *Ga.* 556 (46 S. E. 640). After the lapse of twenty years it is legitimate to presume that all the debts of the estate have been paid. *Coleman* v. *Lane,* 26 *Ga.* 515. Should there not be also, after such lapse of time, a presumption that there has been a distribution, either in kind or in money, if the will requires a sale and a division of the proceeds? . . Certainly it must be the law that as against a second administration, granted more than twenty years after the death of the decedent and the time for final settlement under the first administration, it is legitimate to presume, in behalf of a possessor, that there has been a final settlement and that the right of the legal representative to recover had passed out of him, either by assent to legacies or sales in conformity to the provisions in the will, or in some other way known to the law, and cast upon the legal representative, whose appointment was

so long delayed, the burden of showing that there had been no final settlement by his predecessor. See, in this connection, *Bullock* v. *Dunbar*, 114 *Ga.* 754 (40 S. E. 783); *Woolfolk* v. *Beatly*, 18 *Ga.* 520; *Daniel* v. *Sapp*, 20 *Ga.* 514. To quiet title such a presumption is absolutely necessary." *Hodges* v. *Stuart Lumber Co.*, 128 *Ga.* 735. We think that the doctrine here announced is entirely sound; and an examination of the record shows that the administrator, Hodges, failed entirely to carry the burden which this decision declared rested upon him; and having failed to carry the burden, he has failed to show that he is entitled to recover in this case. The Stuart Lumber Company relied, in part, upon a deed in this case from Wainman, which was executed in the year 1901, before service of a copy of the action of Hodges, administrator, against Sharpe & Drake was effected upon Wainman. And even if the entry of service of that suit should have been admitted to show that Wainman was bound by the judgment in the Sharpe & Drake case, this would not have affected the Stuart Lumber Company's case or their right to rely upon the deed of Wainman for whatever it was worth. But we are of the opinion that, independently of this deed from Wainman, the Stuart Lumber Company could rely upon a defense that Hodges, as administrator, had no right, under the facts and circumstances of this case, to maintain, as administrator (whatever are his rights now as a party in possession), an action against them for the recovery of the land or any timber that they may have cut from it.

*Judgment affirmed. All the Justices concur.*