## GOOLSBY *et al. v.* GOOLSBY.

Where one tenant in common brings an equitable action against his co-
tenants for partition of land and for an accounting of rents, issues,
and profits, and a consent decree is taken, fixing the rights and liabili-
ties of the parties as between themselves, and decreeing their respective
interests in the land, in the further progress of the case, where the de-
cree is not attacked, the parties will not be permitted to go behind the
decree so as to reopen the subject. All prior agreements and contro-
versies between the parties, whether such were expressly pleaded or not,
are merged in the decree.

MAY 15, 1917.

Partition. Before Judge Park. Jasper superior court. August
30, 1916.

B. E. Goolsby filed a petition against C. J. Goolsby and R. C.
Goolsby, for a partition of land and for an accounting of rents,
issues, and profits. It was alleged as follows: A large plantation
belonging to the grandfather of the plaintiff and the defendants
was about to be sold, and they were entitled as heirs at law to
share in the proceeds of the sale. They entered into an agreement
to buy the land as tenants in common. The land was sold and bid
in by the plaintiff for himself and the defendants. Each con-
tributed his inheritance towards the purchase-price. R. C. Goolsby
advanced a large part of the purchase-price, and the balance of the
money was borrowed. It was agreed between the purchasers, that,
as long as it was mutually agreeable, the rents, issues, and profits
should be applied to making improvements on the land, to paying
R. C. Goolsby for his advance on the purchase-price, and to dis-
charge the loan; and that C. J. Goolsby was to take charge of the
plantation, collect the rents and profits, and pay them to R. C.
Goolsby and the lender of the borrowed money. Subsequently a
loan was procured from the British and American Mortgage Com-
pany, from the proceeds of which the former loan was discharged
and the latter loan was secured by deed to the land. In pursuance
of the agreement C. J. Goolsby entered into possession and is still
in possession; he has made improvements on the land, collecting
the rents, issues, and profits and applying them to the improve-
ments and to the discharge of the debts due R. C. Goolsby and the
British and American Mortgage Company on the land. A contro-
versy arose between plaintiff and defendants as to further improve-
ments upon the land, the plaintiff objecting to further improve-

ments, and the defendants insisting on additional improvements being made and paid for out of the rents, issues, and profits. R. C. Goolsby now insists that petitioner has no title or interest in the land, and that he owns a two-thirds interest and C. J. Goolsby owns a one-third interest in the land; and the defendants refuse to further account to plaintiff for his share of the rents, issues, and profits. The prayer is, that the plaintiff be decreed to own a one-third interest in the land; that R. C. Goolsby be required to account to plaintiff for his share of the rents, issues, and profits; that the amounts of indebtedness due R. C. Goolsby and the British and American Mortgage Company be ascertained, and such amounts be decreed to be a first lien on the land; that the land be sold and these debts be paid, and the remainder be divided among the tenants in common; and for general relief and for process.

The defendants filed their respective answers. At the February term, 1913, of the court a consent decree was taken, wherein it was adjudged that the plaintiff and defendants were tenants in common; that each owned a one-third undivided interest in the land, subject to the deed to secure a debt in favor of the British and American Mortgage Company; and that, upon a fair and full accounting of all the matters and things set out in the petition and answer, B. E. Goolsby owes R. C. Goolsby the sum of $1000, and his undivided interest is declared to be subject to that sum, and a lien is created upon his interest in favor of R. C. Goolsby for this amount; that B. E. Goolsby is entitled to one third of the rents on hand from the crop of 1912, after deducting expenses, and C. J. Goolsby is directed to pay to R. C. Goolsby one third of the rents of 1912 as a credit upon the $1000 decreed to be due by B. E. Goolsby to R. C. Goolsby; that the cost of the proceeding be paid equally by the parties, and that after December 1, 1913, if not sooner paid, R. C. Goolsby shall have execution for the sum of $1000, less the credit for one third of the rents for the year 1912. B. E. Goolsby is decreed to owe to C. J. Goolsby $1750, and this amount is declared to be a lien on B. E. Goolsby's one-third undivided interest in the land. It is further decreed that the land be sold for $25 cash per acre as the minimum price; and in the event the other tenants in common do not desire to sell for that amount per acre as a minimum, then it shall be the duty of the other tenants to pay B. E. Goolsby such amount as the minimum price per

acre, upon his conveying his one-third interest to the other tenants in common. Subsequently to the taking of this decree, C. J. Goolsby conveyed his one-third undivided interest to R. C. Goolsby, and at the February term, 1914, a decree was taken for a partition of the land in kind, and commissioners were appointed to make and assign a two-thirds interest to C. J. Goolsby and a one-third interest to B. E. Goolsby. It was further provided that the lien of the British and American Mortgage Company and of C. J. Goolsby, as provided in the original decree, attached to that portion of the land divided in kind and allotted to B. E. Goolsby, and that the execution in favor of C. J. Goolsby against the lot assigned to B. E. Goolsby be issued for the amount referred to in the former decree. Subsequently B. E. Goolsby conveyed his interest to C. J. Goolsby, and entered into an agreement reciting that there is now no necessity for the partition, and only a question of rents remains between the parties; that B. E. Goolsby contends that C. J. Goolsby should pay rents on that portion of the land described in the petition which was cultivated by C. J. Goolsby and known as his farm, and C. J. Goolsby contends that under the facts and conditions existing he should not be required to pay rents on that portion of the farm. It was agreed that this controversy should be submitted to the presiding judge without a jury. On this issue the judge decreed that the plaintiff was entitled to recover a certain amount against C. J. Goolsby. A motion for new trial was made by the defendants, which was overruled, and they excepted.

*A. S. Thurman,* for plaintiffs in error.

*Greene F. Johnson,* contra.

EVANS, P. J. (After stating the foregoing facts.) The point at issue depends upon a construction of the decree of February, 1913, as cutting off an inquiry into an agreement alleged to have been made by the parties a year or so after the purchase of the land, to the effect that C. J. Goolsby was to have the use of his individual farm as compensation for his services in superintending the plantation owned by the tenants in common. The court repelled testimony relating to such an agreement, on the ground that the decree of February, 1913, fixed the rights and liabilities of the parties at that time, and it was not permissible to go behind the decree so as to reopen the subject. The plaintiff in error con-

tends that as the question of compensation of C. J. Goolsby for services rendered to the estate in common was not expressly made in the pleadings, he was not foreclosed by the decree from bringing up that issue in the present state of the pleadings. We concur with the trial judge. The original action was for a partition of the land and for an equitable accounting of the rents, issues, and profits. The parties agreed to have a partition decree on certain terms. The court sanctioned that agreement, and decreed accordingly. That decree fixed the respective rights and liabilities of the parties, and thereafter their rights and liabilities are to be controlled by it, and not by any previous agreement. The evidence authorized the judgment, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*