## WILBANKS *v.* WILBANKS.

1. Where one employs counsel to represent him in the trial of a case, and such counsel agrees with the opposite party to a consent decree which is taken and is partially performed by the counsel's client; in the absence of fraud, accident, or mistake, such decree will be binding upon the client. No fraud, accident, or mistake is alleged or shown in the instant case.

2. "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto."

3. The court did not err in overruling the motion to set aside the verdict and decree, and in rendering the judgment complained of on the rule for contempt.

No. 4186.　OCTOBER 21, 1924.

Alimony, etc. Before Judge Humphries. Fulton superior court. December 6, 1923.

On July 8, 1920, Whitford C. Wilbanks filed his petition for divorce against Elizabeth A. Wilbanks. On September 7, 1920, the defendant filed her answer and cross-bill, praying for temporary and permanent alimony for herself and minor child. On December 17, 1921, a verdict and decree were rendered on the petition and cross-bill, finding $6000 alimony for the support of the wife and minor child, to be paid in instalments, and $100 attorney's fees. On January 28, 1921, this verdict and judgment were set aside by the judge of the superior court. On that date an order was passed by consent of counsel for both sides, awarding $40 per month for permanent alimony for the support of Mrs. Wilbanks and her minor child, and $100 attorney's fees. On February 28, 1921, an order was passed by agreement of counsel for both parties, striking the answer and cross-bill praying for alimony filed by Mrs. Wilbanks. On March 30, 1921, a first verdict in favor of Whitford C. Wilbanks was rendered, awarding him a divorce. On July 6, 1921, a second verdict was rendered, finding a total divorce between the parties, removing the disabilities of Mrs. Wilbanks, and awarding her $20 per month for herself for permanent alimony and $20 per month for support of the minor child until she should become 21 years of age, in lieu of the consent order of January 28, 1921. A decree was taken in accordance with the verdict. On July 10, 1923, the plaintiff filed his motion to set aside so much of this verdict and decree of July 6, 1921, as awarded $20 per month permanent alimony to Mrs. Wilbanks and $20 per month to her for the support of the minor child until she became 21 years of age, on the ground that said portion of the verdict and judgment of July 6, 1921, awarding alimony, was absolutely void for the reason that there were no pleadings before the court to authorize the verdict and judgment, and there was no issue as to alimony before the jury or the court when the verdict and judgment were rendered. Defend-

ant answered this motion, denying certain paragraphs. On November 21, 1923, Mrs. Wilbanks applied for a rule for contempt against the plaintiff, on the ground that he had failed to pay the $20 per month awarded to her under the decree of July 6, 1921, for the support of the minor child. W. C. Wilbanks answered, denying the legality of the decree of July 6. Both the motion of Wilbanks to set aside the verdict and decree of July 6, 1921, in so far as the alimony part was concerned, and the rule for contempt taken by Mrs. Wilbanks, were heard together by consent. After hearing the evidence the court rendered judgment denying the motion of the plaintiff to set aside the alimony part of the verdict and decree; and rendered a judgment on the rule for contempt, ordering the plaintiff to pay all arrears of alimony due for the support of the minor child to the clerk of the court by February 1, 1924, and all other alimony due for the support of the child, the order being granted "to preserve the status pending the filing of a bill of exceptions." To this order the plaintiff excepted.

*Lowndes Calhoun,* for plaintiff in error.

*James E. Warren,* contra.

HILL, J. (After stating the foregoing facts.)

1. The question to be determined in this case is whether the plaintiff in error, after having agreed to a decree being rendered against him, can, after the decree has been complied with by him in part, afterwards file a motion to set aside the decree on the ground that, when the defendant dismissed her answer which is in the nature of a cross-petition asking for alimony and divorce, there are no pleadings to authorize it. In the motion to set aside it is not alleged that the decree was obtained either by fraud, accident, or mistake, but the record clearly shows that the decree was in accordance with the voluntary agreement on the part of the plaintiff and the defendant. The only contention is, on the part of the plaintiff in error, that he was to pay alimony for the benefit of his minor daughter until she was eighteen years of age, instead of the time stated in the decree, viz., when she arrived at twenty-one years of age. The plaintiff did pay the alimony until his daughter became eighteen years of age, and declined to pay thereafter for the reasons stated above. The evidence for the plaintiff, who testified for himself, and the evidence for the defendant, is conflicting on this point. Alvin L. Richards, the attorney who represented the

plaintiff in his original divorce suit, and who agreed to the decree which is now being attacked in behalf of his client, testified, on the trial to set aside the verdict and judgment, as follows: He was employed by Whitford C. Wilbanks to represent him in a divorce suit filed by him against his wife, in which a verdict had been rendered for $6000 in favor of his wife for alimony. "Wilbanks had gone to Alabama to avoid paying the alimony. After several letters had passed between us, and consultation with Mrs. Wilbanks' lawyer, the order of January 28, 1921, was agreed to by parties, the same being signed by Judge W. D. Ellis. In order to get the case in the undefended divorce calendar and thus secure a divorce sooner than in the calendar of defended cases, it was necessary to dismiss the cross-bill and answer of the defendant. This was agreed to by the defendant, and I took the verdict and judgment according to the agreement between the parties. I do not remember whether in discussing the matter to Mr. Wilbanks with us, the words twenty-one years old, or age, or her majority [were used]. I did not know that it was understood by Mr. Wilbanks until the child became eighteen years old. When he came to see me I told him the agreement was to pay $20 per month until she became twenty-one years of age. This judgment signed by Judge Ellis and the verdict and judgment taken at the trial was consented to by both parties, and both were prepared by myself as attorney for W. C. Wilbanks. In each case were [I was] the active party in securing the consent of the defendant to the orders, verdicts, and judgments taken in the case."

In *Adkins* v. *Bryant,* 133 *Ga.* 465 (66 S. E. 21, 134 Am. St. R. 211), this court held that "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." In the instant case there is no allegation of fraud or collusion upon the part of the counsel who obtained the consent decree. In *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133), it was said: "When a suitor comes into court, competent to select counsel, and does select counsel, no matter who the suitor may be, or how much married, the counsel is there for the purpose of representing the client; and whatever the counsel assents to, the client assents to. There is full power on the part of the counsel to represent the client, and it is just the

same as if the client were there in person; and it is no answer to a decree, a solemn judgment of a court, for the client to come in and say that the counsel misrepresented the client's interest, or did not represent the client's wishes. Let the client see that the counsel conforms to instructions; and if there is any injury by failing to do it, let the counsel answer for it, and not the other party." In *Driver* v. *Wood,* 114 *Ga.* 296 (40 S. E. 257), it was held: "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." Pleadings may be dispensed with by consent. 33 Corpus Juris, 1132, § 80. We are therefore of the opinion that the court did not err in overruling plaintiff's motion to set aside the verdict and decree, and in rendering the judgment complained of on the rule for contempt.

*Judgment affirmed. All the Justices concur.*