Mrs. Greenman brought suit against Mrs. Carpenter to recover a portion of the estate of the latter's deceased husband, based upon the contention that said husband contracted and agreed to adopt plaintiff as a child; and that though the adoption was not carried out as provided by law, she sustained the relationship of a virtual adoption. The jury returned a verdict for the defendant. The plaintiff filed a motion for new trial, based upon the general grounds, and upon grounds assigning error upon portions of the court's charge, and upon the court's ruling allowing, over objection, the defendant to testify to "communications and contracts with her husband, John F. Carpenter, deceased, as she was sole heir at law of her husband and defending the estate as personal representative." The court overruled the motion, and the plaintiff excepted.

*J. J. & Sam. Kimzey,* for plaintiff.

*J. C. & H. E. Edwards,* for defendant.

Adoption of Children, 1 C. J. p. 1395, n. 62 New.
New Trial, 29 Cyc. p. 788, n. 97; p. 947, n. 9.
Trial, 38 Cyc. p. 1778, n. 73; p. 1779, n. 75.

McHENRY, administrator, *v.* SILAS.

Where an owner of real estate died, and his heirs took possession of the land and remained in possession for more than thirty-five years, and thereafter another party entered into possession, an administrator appointed thirty-eight years after the death of his intestate (no administration having been had previously on the estate) can not maintain eject-

Executors and Administrators, 23 C. J. p. 1194, n. 65.

ment for the land against the third party who took possession after the heirs had been in possession thereof for the term of years indicated above, without showing that there are outstanding debts to be paid which are not barred for some reason by the statute of limitations, or why, after the heirs had had possession for so long a period of years, a distribution among them by an administrator is necessary.

No. 5891.　NOVEMBER 17, 1927.

Complaint for land. Before Judge Humphries. Fulton superior court. January 22, 1927.

*Colquitt & Conyers* and *Jerome Jones Jr.,* for plaintiff.

*Edmund W. Martin* and *H. L. Luttrell,* for defendant.

BECK, P. J. Jackson McHenry brought complaint for land against Henry H. Silas, alleging in substance that he was duly appointed and qualified administrator of the estate of Randall McHenry, who at the time of his death was in possession of certain described property which he held under a warranty deed from G. Henstell; that the heirs at law were in possession of said property until 1925, when defendant took possession of the property and refused to deliver possession to plaintiff; and that Randall McHenry died about the year 1887. The court sustained a general demurrer to the petition and dismissed the action.

We are of the opinion that the court properly sustained the general demurrer. It seems that there was no administration on this estate until November, 1925. Petitioner's intestate had then been dead over thirty-eight years. It is not alleged that there were any debts; and if there were any debts it is presumed that they were paid, or barred by the statute. In the petition it is alleged that the petitioner's intestate died in June, 1887, and that "his heirs at law were in possession of said property" up to the date set out in plaintiff's original petition,—that is, until 1925; and it will be assumed that they went into possession under application of the law that upon the death of the owner of land it descends directly to his heirs. Whether the heirs agreed upon a division among themselves or not does not appear; nor does it appear that they were ousted by the defendant; and if he had taken possession of the land unlawfully, they could have recovered it from him. There was no need for administration. The fact that the heirs went into possession of this property after the death of their father, the intestate, and remained in possession for over thirty years, makes an essential difference between **the**

12

facts in this case and those of *Bullock* v. *Dunbar,* 114 *Ga.* 754 (40 S. E. 783), and brings it more nearly within the principles ruled in the case of *Hodges* v. *Stuart Lumber Co.,* 128 *Ga.* 733 (58 S. E. 354), though the facts in the case last cited are not in all respects similar to those involved in the instant case.

*Judgment affirmed. All the Justices concur.*