Fowler *v.* Fowler.

Wyatt, Justice. Mrs. Elizabeth Fowler instituted contempt proceedings against W. A. Fowler on account of his failure to comply with a judgment awarding to her permanent alimony. The case was submitted to the trial court on the pleadings. The judgment for alimony was awarded at the first term, and was based upon a written agreement between the parties. The trial court held the plaintiff in error to be in contempt. This judgment is excepted to on the ground that the original judgment for alimony is void for the reasons: that alimony was not prayed for in the divorce suit; that the decree for permanent alimony was awarded at the appearance term of court; that no process had been served on the defendant in the court below; and that the written agreement between the parties, the basis for the alimony judgment, was a private agreement between the parties, was not a court paper, and could not be made the basis for a valid decree granting permanent alimony. *Held:*

1. In *Wilbanks* v. *Wilbanks,* 159 *Ga.* 196 (125 S. E. 202), a divorce suit was filed, and an answer and cross-bill were filed thereto. The parties then agreed upon the amount of alimony to be paid, and, in order to get the case on the undefended docket, and thus heard earlier, the defendant dismissed her cross-bill praying for alimony. When the case was heard, there was no pleading praying for alimony, but the judgment included alimony in accordance with the terms of the agreement between the parties. The defendant paid the alimony for a number of years, and then refused to pay, and moved to vacate and set aside the judgment for alimony on the ground that there was no pleading to authorize the granting of alimony. The facts in the instant case disclose that the defendant in the court below paid the alimony for several months, and then stopped paying. The court in the *Wilbanks* case, supra, said: "Where one employs counsel to represent him in the trial of a case, and such counsel agrees with the opposite party to a consent decree which is taken and is partially performed by the counsel's client, in the absence of fraud, accident, or mistake, such de-

cree will be binding upon the client. No fraud, accident, or mistake is alleged or shown in the instant case. . . A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto." "Consent cures all errors not going to the jurisdiction of the court." *Estes* v. *Estes,* 192 *Ga.* 94 (14 S. E. 2d, 681).

2. Under the provisions of the act of 1935 (Ga. L. 1935, p. 481), there is no merit in the objection that the case was tried at the appearance term, upon the consent of the parties thereto. The agreement in the instant case, the basis of the alimony judgment, signed by the plaintiff in error, recites, among other things, "the parties have agreed that the decree of divorce shall include a provision for alimony," and then recites the very day when the case is to be heard, which was the appearance term. It would be hard to conceive of a more definite agreement to take the judgment at the first term, including alimony. Moreover, as to this contention, it matters not whether the plaintiff in error consented. If he desired to raise the question, he had, in the absence of fraud, only six months in which to do so. Ga. L. 1935, p. 481, sec. 4.

3. The contention of the plaintiff in error that he was not served with process in the divorce case is without merit. He waived service, and this he might do in advance of the filing of the petition; and such waiver is good as between the parties, in the absence of fraud. In the instant case, no question of fraud is involved. Neither is the interest of third parties. See *Tatum* v. *Tatum,* 203 *Ga.* 406 (46 S. E. 2d, 915), and cases there cited. It follows, there is no merit in any of the contentions made by the plaintiff in error.

*Judgment affirmed. All the Justices concur.*

No. 16951. February 16, 1950.

*J. E. McDonald,* for plaintiff in error.
*Jesse G. Bowles,* contra.