## 38228. KISER v. KISER.

TOWNSEND, Judge. 1. A motion for a directed verdict is a prerequisite to a motion for judgment notwithstanding the verdict (Code, Ann., § 110-113), and where it appears from the record that no such motion was made, a motion for judgment notwithstanding the verdict cannot be considered. *Durden* v. *Henderson*, 212 *Ga.* 807 (1) (96 S. E. 2d 362). Where, however, it appears from the record that the motion for judgment notwithstanding the verdict contains a recital that it is made in accordance with a prior motion for a directed verdict, and where no contention is made in the trial court that such prior motion was not in fact made, and the trial judge thereafter grants the motion for judgment notwithstanding the verdict, this court will presume that such judgment is supported by every fact essential to make it valid and binding (*Chance* v. *Chance*, 60 *Ga. App.* 889, 892, 5 S. E. 2d 399), and the defendant will not be heard to raise the question for the first time in this court as to whether such prior motion was in fact made.

2. A garnishment is a distinct suit on a new cause of action. *Anderson* v. *Ledbetter-Johnson Contractors*, 62 *Ga. App.* 732 (9), (9 S. E. 2d 860). However, where the defendant in the main suit gives a dissolution bond, the garnishee pays the money into court, and it is received by the defendant, the issue is changed from one between the plaintiff and garnishee to one between the plaintiff and the defendant. *Rainey* v. *Eatonton Co-operative Creamery, Inc.*, 69 *Ga. App.* 547 (2) (26 S. E. 2d 297). The garnishee here admitted its indebtedness to the defendant, paid the fund into court, and was by order of the court and agreement of the parties discharged from all further liability. The defendant was thus substituted in the place of the garnishee and had the same rights which the garnishee would have had to contest the legality of the proceeding. *Leake* v. *Tyner*, 112 *Ga.* 919 (38 S. E. 343). A garnishee may inquire into the validity of the judgment on which the garnishment is based. *Ingram* v. *Jackson Mercantile Co.*, 2 *Ga. App.* 218 (2) (58 S. E. 372). It was accordingly proper for the defendant, if he wished to contest the proceeding, to file the written pleading denominated here a counter-affidavit in which he attempted to set up a defense to the action.

3. Error is assigned on the judgment of the trial court striking the

defendant's counter-affidavit on general demurrer. The pleading alleged that the garnishment, which was based on certain temporary and permanent alimony judgments, was proceeding illegally and was a fraud on the court; that the judgment for permanent alimony was rendered by the court based on a verdict of a jury; "that as a condition precedent and as an integral part of said verdict said Mrs. Kiser conceded and stipulated on the trial of said alimony case that certain land belonged to defendant, and that after said verdict was returned and before said judgment was issued by the court and again after said judgment was signed by the court, she agreed to sign a quitclaim deed to T. R. Kiser"; that she never delivered such deed and the judgment was thus fraudulently obtained "and is a nullity unless plaintiff complies with her part of same by executing and delivering to defendant T. R. Kiser a quitclaim deed to said land."

No facts are set out sufficient to show fraud which would void the judgment in question. The judgment itself, which is pleaded in the garnishment affidavit as amended, is a judgment granting divorce and permanent alimony and contains no reference to any obligation on the part of the plaintiff in garnishment to make a deed to the defendant. In a divorce proceeding all prior agreements should be produced before the court and merged into the judgment. See *Venable* v. *Craig,* 44 *Ga.* 437 (2) which reads as follows: "Negotiations and agreements between husband and wife, pending a libel for divorce, as to the alimony of the wife, and agreements between them in relation thereto, are, by presumption of law, merged in the final verdict of the jury in the divorce suit." Understandings between the husband and wife which are not incorporated into the divorce decree are not binding. *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d 680). Nor would a promise to do so made after the judgment affect it in any way. It is not shown how an agreement between the parties prior to the decree, or even a stipulation in open court, could be a "condition precedent to the verdict." Whether or not the defendant could plead a setoff personal to himself is an issue not here presented, but this defendant does not plead setoff, and does not claim that the plaintiff is indebted to him in any amount of money. If the stipulation regarding the quitclaim deed should properly have been included in the decree, the defendant had his remedy in that action, but even so the failure

of the plaintiff to comply with its terms would not have the effect of voiding the verdict and judgment as contended. The counter-affidavit set out no defense to the garnishment and was properly stricken on general demurrer.

4. Where the undisputed evidence in the case demanded a finding that the garnishee had paid into court the sum of $4,750 which had in turn been paid over to the defendant upon his filing a dissolution bond, and demanded the finding that the defendant was liable to the plaintiff in garnishment for arrearage in instalments of alimony, and that the least amount of his indebtedness following the date of service of the summons of garnishment was $887.46, it was not error for the trial court, after a verdict of the jury in favor of the plaintiff for $137.46, to grant the plaintiff's motion for judgment notwithstanding the verdict in the sum of $887.46. While the plaintiff testified as to the amounts of arrearage from a memorandum which it appeared was prepared by her attorneys (see Code § 38-1707; *Sizer & Co.* v. *Melton & Sons*, 129 *Ga.* 143 (5) 58 S. E. 1055), and was only able to state that of her independent knowledge she "knew pretty close," she did testify positively as to money paid to her directly by the defendant, and the clerk of court by stipulation certified to funds received by him and turned over to her or her attorneys; by subtracting these amounts from the sums shown to be due under the alimony judgments which were in evidence, the correctness of the figures to which the plaintiff testified could be independently verified.

The trial court did not err in sustaining the general demurrer to the defendant's counter-affidavit or in granting the plaintiff's motion for judgment notwithstanding the verdict.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED APRIL 14, 1960.

*Howe & Murphy, Harold L. Murphy, D. B. Howe,* for plaintiff in error.

*Murphy & Murphy, Thomas B. Murphy, James R. Murphy,* contra.