■ PAUL ZINDWER, Appellant, v. WILLIAM V. EHRENS, Respondent.— Order entered December 5, 1969, unanimously reversed, on the law, without costs and without disbursements, and defendant-respondent's motion to dismiss for lack of jurisdiction denied. Plaintiff-appellant, who is a resident of this State and the assignee of defendant-respondent's former wife, no longer resident here, has sued for payments due under a separation agreement executed here. This circumstance alone is sufficient to justify jurisdiction under CPLR 302 (subd. [a], par. 1). See full discussion in *Kochenthal* v. *Kochenthal* (28 A D 2d 117). Beyond that, however, defendant has not established by a preponderance of credible evidence that he no longer resides in New York. Aside from the bare averment that he no longer lives here but in Florida, defendant has stated merely that he has been compelled, as a nonresident, to post security for costs "in a small action" he started in Civil Court, and that he has a two-year lease on a residence in Miami. As to the latter averment, so do many other persons in our highly mobile society lease residences in vacation resorts. As to the former, it is sufficient to point out that the instant action is the third such commenced by the same plaintiff assignee for the same relief, and that defendant, for his own reasons, has stated a preference for being sued in Florida. Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.

■ LEE SHAPIRO, Respondent, v. IRVING PINCUS, Appellant.— Order entered February 6, 1970 unanimously reversed on the facts and the law, with $30 costs and disbursements to the appellant, and preference denied. Appeal from order entered March 2, 1970 dismissed as academic without costs and without disbursements. A trial preference was granted to plaintiff following a pretrial hearing on the ground that defendant failed to seek in good faith to adjust the case. We have repeatedly held that a preference can be granted only on a record made at the hearing which demonstrates the defendant's intransigence (*Wolff* v. *Laverne, Inc.*, 17 A D 2d 213). The recitals in the order do not constitute such a record. Moreover, even these do not indicate a failure to co-operate. Concur — Eager, J. P., Markewich, McNally and Steuer, JJ.