## SECOND DEPARTMENT, JULY, 1972

### (July 5, 1972)

■ ADELAIDE CARMICHAEL, Respondent, v. WALLACE CARMICHAEL, Appellant.— In a proceeding to enforce a divorce decree of a court of Mexico, the appeal is from so much of an order of the Supreme Court, Nassau County, entered April 20, 1972, as, after a hearing, denied appellant's motion to dismiss the petition. Order reversed insofar as appealed from, on the law, without costs, and motion to dismiss the petition granted. In our opinion, this proceeding to enforce the alimony and child support provisions of a foreign divorce decree, incorporated into the decree from a separation agreement executed in New York, does not fall within the ambit of CPLR 302 (subd. [a], par. 1). Accordingly, personal service of process upon appellant, a nondomiciliary, in New Jersey did not permit the court to exercise personal jurisdiction over him. Unlike Kochenthal v. Kochenthal (28 A D 2d 117), an action on the separation agreement itself, this proceeding to enforce the provisions of the foreign decree arises directly out of the activity of the parties in the foreign jurisdiction and only remotely out of the business transacted in New York, i.e., execution of the separation agreement. In our opinion, incorporation of the provisions of the agreement into the foreign decree does not provide a nexus between this enforcement proceeding and the business transacted sufficient to sustain a finding that the former arises out of the latter. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.