### 49207. BROOKS v. THARPE & BROOKS, INC.

EBERHARDT, Presiding Judge.

The record in this appeal, exclusive of certificates of service, etc., consists of the following: (1) suit upon an open account, attached to the complaint as an exhibit; (2) defendants' answer; (3) order of the Civil Court of Fulton County, reciting a regularly scheduled hearing and the introduction of evidence and testimony, and awarding judgment to plaintiff in the principal amount sued for; (4) defendants' motion to set aside verdict and judgment and for new trial on the grounds that they were not notified of the date and time of trial; and (5) order of the court denying the motion, from which this appeal is taken.

The record is devoid of any evidence concerning either notification or lack of notification and presents no factual basis to rebut the presumption of regularity and legality of the trial proceedings. Hence there is no merit in the single enumeration of error that the court erred in overruling the motion because appellants were not given notice of date and time of final trial as required by Code Ann. § 81A-140 (c). *Johnson v. Cleveland,* 131 Ga. App. 560 and authorities cited, and *Easterling v. Easterling,* 231 Ga. 889 (204 SE2d 610).

*Judgment affirmed. Pannell, J., concurs. Evans, J., concurs specially.*

ARGUED APRIL 4, 1974 — DECIDED MAY 9, 1974.

J. L. Brooks, *pro se.*

Evans, Judge, concurring specially.

I agree wholly with the majority opinion and feel it proper to add the following:

In this case the defendant contends that the judgment rendered against him was illegal in that he was not given notice of the placing of this case upon the trial calendar, nor had he requested that it be placed thereon, in contravention of the mandate of Code Ann. § 81A-140 (c) (Ga. L. 1966, pp. 609, 653; 1967, pp. 226, 245; 1968, pp. 1104, 1108).

The trial judge, in rendering judgment, specifies in his order that his judgment was rendered "at a reguarly scheduled hearing." It is presumed that courts and judicial officers act properly within their legitimate sphere. Code § 38-114.

All judgments rendered by a court of competent jurisdiction are presumed to have been supported by every fact essential to make same valid and binding. *Kiser v. Kiser,* 101 Ga. App. 511 (1) (114 SE2d 397).

Therefore, it is presumed that every legal requirement was complied with before and at the time of rendition of the judgment in this case. How does the defendant rebut this presumption? He does not make an affidavit that he was not notified, nor does he come forward with proof of any kind to show that he was not notified. He simply alleges in an unsworn motion: "1. Defendant was deprive (sic) his right to defend this action do (sic) to the notification procedure as exercised in Fulton county. 2. Defendant had no knowledge that above case had come to trial until November 28, 1973." Even construing the language of the above motion most favorably toward the pleader, it is doubtful if same is sufficient to raise the factual issue that defendant had not received notice of the assignment of the case on the trial calendar. But assuming it makes such challenge, the motion itself is not proof, and no evidence or sworn testimony of any kind is found in the record in support of defendant's position.

Of course, the burden of proof is on the one who asserts a fact, and if a negation be essential to his case, the burden of proof lies on the party asserting such negation. Code § 38-103.