Shirley Ruth HEMPHILL

v.

John Roger HEMPHILL.

Civ. A. No. C75–15G.

United States District Court,
N. D. Georgia,
Gainesville Division.

Aug. 1, 1975.

J. Douglas Stewart, Telford, Stewart & Stephens, Gainesville, Ga., for plaintiff.

William L. Sykes, Jr., Oliver, Walters & Sykes, Jack C. Bell, Gainesville, for defendant.

## ORDER

O'KELLEY, District Judge.

This action is before the court on defendant's motion to dismiss on various grounds the plaintiff's complaint which seeks some $24,324.04 allegedly owed her by virtue of the defendant's failure to comply with a final judgment and decree of divorce issued by the Hall County Superior Court. In addition to the money judgment, plaintiff also seeks to have the defendant held in contempt of court. The defendant moves to dismiss this action (1) for lack of jurisdiction of the subject matter and (2) lack of jurisdiction over the person of the defendant.

Although the Supreme Court in the early case of *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859), disavowed jurisdiction in federal courts on matters of divorce or for the granting of alimony, that court upheld the use of diversity jurisdiction by a wife suing in a federal court in Wisconsin to enforce a New York state court's alimony decree. Where the requisite diversity of citizenship and jurisdictional amount are present, federal courts have entertained jurisdiction over suits to recover arrears of alimony due under agreements incorporated in divorce de-

crees. *Harrison v. Harrison,* 214 F.2d 571 (4th Cir. 1954); *Cain v. King,* 313 F.Supp. 10 (E.D.La.1970); *Spindel v. Spindel,* 283 F.Supp. 797 (E.D.N.Y. 1968); *Richie v. Richie,* 186 F.Supp. 592 (E.D.N.Y.1960); *cf. Gullet v. Gullet,* 188 F.2d 719 (5th Cir. 1951); *Solomon v. Solomon,* 373 F.Supp. 1036 (E.D.Pa.1974) (dicta).

██ It is interesting to note that in each of the cases noted above, the former wife brought the action in the federal district court of the state of residence of her former husband to enforce an alimony provision of a state court in a different state. In the present case plaintiff is seeking similar relief in the federal court in the district of her residence rather than seeking it in the courts (federal or state) in North Carolina where her former husband now resides, or in the Hall Superior Court which issued the decree (and which sits across the street and approximately 100 yards from this court). If plaintiff's basis for personal jurisdiction in this action were valid in this court, it would similarly provide for personal jurisdiction in the Hall Superior Court, which would be much better equipped to handle the case, especially in light of plaintiff's request for an order holding the defendant in contempt of that court's order. In a somewhat analogous situation, the Second Circuit criticized the plaintiff's bringing suit in the federal district court of plaintiff's residence and cited such suit as an excellent example of why diversity jurisdiction should either be abolished or greatly limited.[1] That court suggested that it would have been proper for the district judge to stay the action pending plaintiff's initiating appropri-ate proceedings in the state court. *See Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509 (2nd Cir. 1973). Because this court has determined that this action must be dismissed on other grounds, no consideration need be given the abstention issue.

The plaintiff in this action seeks to obtain personal jurisdiction over the defendant solely on the basis of the Georgia long-arm statute, Ga.Code Ann. § 24–113.1 (Rev.1971). The plaintiff argues that the defendant is subject to jurisdiction under § 24–113.1(a) because she contends that he contracted business within Georgia when he entered into a separation agreement with her, which agreement was subsequently incorporated into and made a part of the divorce decree between the parties. The plaintiff contends that the argument that the entering of the decree superseded the separation agreement and that, therefore, the decree is the only thing that can be sued upon is not a valid argument[2] in this case because the decree in this action was not one issued in a contested action but was a consent decree. The plaintiff admitted that this contention could be true and might have merit if the decree had been issued in a contested action and did not involve the consent of the defendant.

██ This court would note that the fact that the decree in this action was a consent decree does not have any effect on the validity or effect of the judgment. As stated by the Georgia Supreme Court in *Estes v. Estes,* 192 Ga. 94, 95–96, 14 S.E.2d 681, 683 (1941):

It will be found well settled in the authorities, and for that matter not

---

1. In this case essentially all of the contacts were with the State of New York—the plaintiff was from New York, the suit was for actions in New York, the court would have to interpret a divorce decree issued by a New York state court. The defendant resided in Florida although he had business interests in New York. The court noted that diversity was originally designed to protect the nonresident and should not be used to the benefit of the resident.

2. The argument would be that since the decree of the Hall Superior Court would in effect be the action of the state in entering judgment, the entering of such judgment would not be a transaction of business by the defendant to place him within the provisions of the long-arm statute.

disputed by counsel, that a husband and wife may legally contract in settlement of the wife's claim for alimony, and that the court has ample power to enter a judgment in the terms of such an agreement. [Citations omitted]. Consent judgments, including those for alimony, have been uniformly recognized in this State, and have been given the same force and effect as judgments rendered in due course of litigation upon findings by a jury. [Citations omitted]. "It is no objection to a decree, that it was rendered by consent."

See also *United States Lines, Inc. v. United States*, 470 F.2d 487 (5th Cir. 1972); *Fambrough v. Cannon*, 221 Ga. 289, 144 S.E.2d 335 (1965); *Nelson v. Roberts*, 216 Ga. 741, 119 S.E.2d 545 (1961). The Fifth Circuit noted in *United States Lines, Inc.* that a consent judgment has the same effect under Georgia law as an involuntary judgment. 470 F. 2d at 490. The distinction which the plaintiff seeks to make between a contested decree and a consent decree is thus without merit.

 Given that the contended difference between a consent decree and a contested decree is not valid, the plaintiff cannot now contend that she is suing on the separation agreement itself and using it alone as the alleged transaction of business since it is clear that the law in Georgia is that all prior agreements and controversies between parties are *merged* into a consent decree. *Goolsby v. Goolsby*, 146 Ga. 763, 92 S.E. 521 (1917); *Resolute Insurance Co. v. Norbo Trading Corp.*, 118 Ga.App. 737, 165 S.E.2d 441 (1968); *Kiser v. Kiser*, 101 Ga.App. 511, 114 S.E.2d 397 (1960). The court in *Kiser* stated:

In a divorce proceeding all prior agreements should be produced before the court and merged into the judgment. See *Venable v. Craig*, 44 Ga. 437(2) which reads as follows: "Negotiations and agreements between husband and wife, pending a libel for divorce, as to the alimony of the wife, and

agreements between them in relation thereto, are, by presumption of law, merged in the final verdict of the jury in the divorce suit." Understandings between the husband and wife which are not incorporated into the divorce decree are not binding.

101 Ga.App. at 512, 114 S.E.2d at 399. After the consent decree is entered, it is the *judgment* which is binding and enforceable and not the agreement. *Allen v. Withrow*, 215 Ga. 388, 110 S.E. 2d 663 (1959); *Estes v. Estes*, 192 Ga. 100, 14 S.E.2d 680 (1941). Plaintiff has taken some wording from a case quoted in *Fowler v. Fowler*, 206 Ga. 542, 57 S.E.2d 593 (1950), for its position that the separation agreement remains a binding agreement notwithstanding the entry of the decree. This wording is as follows: "A decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, *will*, in the absence of fraud, accident, or mistake, *be operative as an agreement binding upon all the parties thereto.*" (emphasis supplied) 206 Ga. at 543, 57 S.E.2d at 594. This wording is inapposite to the case *sub judice*. In *Fowler* the court was dealing with a contention that the original decree for alimony was void because, *inter alia,* alimony was not prayed for in the divorce suit and the decree was awarded at the wrong term of court. In *Wilbanks v. Wilbanks*, 159 Ga. 196, 125 S.E. 202 (1924), relied on by the court in *Fowler,* the court dealt with a case where the plaintiff contended there were no pleadings to support a judgment for alimony and also that his counsel had misrepresented his interests in agreeing to the consent decree. In these two cases, the court was saying that if the judgment should itself be void for some reason, then the consent decree would still be binding on the parties as an agreement since counsel has full power to represent his client and that "whatever the counsel assents to the client assents to." 159 Ga. at 199, 125 S.E. at 203. This interpretation is clear when one considers

*Driver v. Wood,* 114 Ga. 296 (1901), which was the authority for the holding in *Wilbanks* and whose language was directly quoted by the court in *Fowler.* In *Driver,* a consent decree was taken but the decree was void because it sought to vest absolute title, instead of a life estate, in the wife, and this was outside of the issues of the pleadings and the court was without authority under existing state law to decree absolute title to the wife in property of the husband. The court held that this consent decree, although void and invalid as a judgment, was nevertheless operative as a binding agreement between the parties in the absence of fraud, accident, or mistake. In the case *sub judice,* plaintiff does not contend in any manner that the final divorce judgment and decree entered by the Hall Superior Court was void and invalid. Where the judgment is valid, the holdings in *Fowler, Wilbanks* and *Driver* are inapposite, and all agreements are merged into the decree so that it is the judgment which must be enforced and not the agreement. *Allen v. Withrow,* 215 Ga. 388, 110 S.E.2d 663 (1959); *Estes v. Estes,* 192 Ga. 100, 14 S.E.2d 680 (1941); *Goolsby v. Goolsby,* 146 Ga. 763, 92 S.E. 521 (1917); *Resolute Insurance Co. v. Norbo Trading Corp.,* 118 Ga.App. 737, 165 S.E.2d 441 (1968).

■ Recognizing that the settlement agreement previously entered into between the plaintiff and the defendant became merged into the decree so that their rights are thereafter to be controlled by the judgment and not by the agreement, it is clear to this court that the plaintiff is not and could not be suing in contract on the settlement agreement but instead is suing on the judgment of divorce entered by the Hall Superior Court. The cause of action which is sued upon must arise from or be connected with the transaction of business within the state. *Scott v. Crescent Tool Co.,* 296 F.Supp. 147 (N.D.Ga. 1968); *Davis Metals Inc. v. Allen,* 230 Ga. 623, 198 S.E.2d 285 (1973). While some courts have held that the execution of a separation agreement constituted doing business within the state so as to allow jurisdiction under the long-arm statute, *see Zindwer v. Ehrens,* 34 A.D. 2d 906, 311 N.Y.S.2d 389 (1970); *Kochenthal v. Kochenthal,* 28 A.D.2d 117, 282 N.Y.S.2d 36 (1967); *Van Wagenberg v. Van Wagenberg,* 241 Md. 154, 215 A.2d 812 (1966), this court does not have to decide whether the Georgia statute would be so interpreted because, as noted above, the agreement was merged into the final judgment of divorce. This distinction was drawn in the case of *Carmichael v. Carmichael,* 40 A.D.2d 514, 333 N.Y.S.2d 811 (1972), where jurisdiction pursuant to the longarm statute was sought to be gained over the defendant and the separation agreement was entered into in New York but it was subsequently made a part of a divorce decree in Mexico. The court said that the proceeding was to enforce the provisions of the divorce decree and that such arose out of activity in the foreign jurisdiction and only remotely out of the business transaction in New York. How the court would have ruled if the divorce decree had been entered in New York is unknown, but this court is of the opinion that once the agreement becomes merged into the judgment, any action with respect to issues therein covered should be brought on the judgment itself and that the entering of a judgment by a state court does not constitute a transaction of business on the part of one of the parties to that litigation. The fact of the divorce judgment and decree cannot of itself be used to bootstrap this court into nationwide jurisdiction to enforce such judgment in the absence of express statutory authority. *Cf. Strauss v. Strauss,* 231 Ga. 248, 200 S.E.2d 878 (1973). The remedy which the plaintiff has in this case is clear to this court—she may bring an action to enforce the Hall Superior Court judgment in North Carolina. That judgment would be entitled to full faith and credit in the North Carolina state courts, and as noted at

the beginning of this order, the action could be brought as a diversity action in the federal courts at least as to money judgments for past due alimony or property settlements.

For the foregoing reasons, the defendant's motion to dismiss is granted.

It is so ordered this 31st day of July, 1975.