33390. McCLAIN v. McCLAIN.

HILL, Justice.

This is a partition case involving a house located on approximately three oceanfront lots on St. Simons Island. At the time of their divorce the parties agreed that they would offer the house and lots for sale for a year and if the property did not sell at a satisfactory price, either party could seek partition.[1] When the property was not sold

---

[1] For earlier litigation, see *McClain v. McClain,* 237

within the year, the former wife filed this petition to partition the property.

After the wife's petition was filed, the parties consented to an order of sale specifying that the property would be sold and setting forth the terms and conditions of the sale patterned after Code Ann. § 85-1511. On the day the trial court signed the consent order, lightning struck the residence and it was virtually destroyed by fire. Within ten days (and during the same term of court) the husband filed his motion to modify and objection to the consent order, urging that the property could now be divided. After a hearing, the trial court concluded that the order of sale was a binding agreement and that there were no extraordinary circumstances requiring modification of that order. We granted the husband's application for interlocutory appeal from denial of his motion to modify the order of sale.

The husband argues that partitioning by metes and bounds is to be preferred over sale of the property, and the original order of sale should be vacated because it was based on the premise that the house made a just division of the property impossible, but the fire removed this impediment and the property should now be divided. Generally, where a tenant in common brings an action for partition and a decree is entered by consent of the parties, a party cannot then go behind the decree so as to reopen the subject. *Goolsby v. Goolsby,* 146 Ga. 763 (92 SE 521) (1917). See also *Anderson v. Anderson,* 27 Ga. App. 513 (6) (108 SE 907) (1921). Nevertheless, a court partitioning land may mold its decree so as to do justice and equity to each person entitled (Code Ann. § 85-1502), and has the power to amend and control its orders so as to make them conform to law and justice (Code Ann. § 24-104 (6)). The husband urges that the destruction of the house makes such an "extraordinary" case that the trial court's refusal to modify the order so as to require division of the property constituted an abuse of discretion. Code Ann. § 85-1514. Changes in conditions occurring after an order of sale which facilitate partition by metes and bounds do not

Ga. 80 (227 SE2d 5) (1976).

164

mandate such division. See *Lankford v. Milhollin,* 201 Ga. 594 (5) (40 SE2d 376) (1946). In declining to vacate its order of sale the trial court found that removal of the remains of the burned house would cost approximately $3,000 and that division of the property between the parties would result in a larger amount of the debris being located on one party's share of the divided property. The appellant has failed to show that the trial court abused its discretion in adhering to the consent order of sale.

*Judgment affirmed. All the Justices concur.*

Argued March 15, 1978 — Decided April 4, 1978.

*Hutto, Palmatary & Magda, J. S. Hutto, Bennett, Gilbert, Gilbert, Whittle, Harrell & Gayner, Wallace E. Harrell,* for appellant.

*Rountree & Tuten, George M. Rountree,* for appellee.