60914. JOHNSON et al. v. SHOOK.

SUBMITTED NOVEMBER 5, 1980 — DECIDED JANUARY 6, 1981.

*Frank M. Gleason,* for appellants.
*John O. Wiggins,* for appellee.

DEEN, Presiding Judge.

1. Although it is not absolutely essential to a determination of this case, we agree with the appellees that the document on which appellants rely is not a valid deed. In fact, it appears likely from much of the language therein contained — leaving certain heirs $5.00 a-piece, prohibiting the sale of the land, and merely describing it as "my property and everything" — that it was intended as a will rather than a deed. It is true that an instrument may have effect partly as a will and partly as a deed even as to the same property. Code § 113-103. It would not, however, be valid as a will for the reason that it is attested by no more than two witnesses, three witnesses having been required as of 1946 when it was executed. See Code § 113-301. As a deed the description is totally insufficient to operate as a conveyance of title, there being no key to identify the tract intended to be conveyed. *Crawford v. Verner,* 122 Ga. 814 (50 SE 958) (1905). The phrase "all my land" needs some delimiting statement, as in *Gainesville Midland R. Co. v. Tyner,* 204 Ga. 535 (50 SE2d 108) (1948), where the deed specified the county where it was located south of a named city, a named railroad line and the land of the grantor in that county lying 100 feet on each side of the track. There is no such key to location in the document here.

2. Where on complaint for an equitable partition by alleged tenants in common against the remaining tenants in common of a tract of land all parties consent to a decree entered up by the court fixing the rights and liabilities of the parties as between themselves and establishing their respective interests in the land, the parties will

not be permitted to go behind the decree so as to reopen the subject. All prior agreements and controversies between them are merged therein. *Goolsby v. Goolsby,* 146 Ga. 763 (92 SE 521) (1917). In the absence of a direct attack on the decree alleging fraud, accident or mistake, or lack of jurisdiction of the subject matter appearing on the face of the record, such a decree unappealed from is conclusive. *McCook v. Beck,* 138 Ga. App. 351 (226 SE2d 72) (1976); *McDowell v. Sutlive,* 78 Ga. 142 (2 SE 937) (1886). The summary judgment in this case to the effect that, the three named participants in the life estate having died, the property was to be divided among the heirs of R. A. Johnson as of the time of his death, establishes the need of administration for purposes of distribution. The argument that there was no estate to administer is not well taken.

3. The remaining enumeration contends that no administration is necessary because there is a presumption of law upon the lapse of a period of twenty years from his death that the estate has been fully administered. Such a presumption may arise in the absence of evidence to the contrary, but it is not conclusive. *Hodges v. Stuart Lumber Co.,* 128 Ga. 733 (58 SE 354) (1907) and *Hodges v. Stuart Lumber Co.,* 140 Ga. 569 (79 SE 462) (1913). In those cases as well as *McHenry v. Silas,* 165 Ga. 176 (140 SE 373) (1927) the record showed that administration had been commenced, and the only question at issue was upon which party the burden of showing a termination rested. Here it was settled by a judgment of the superior court consented to by all the heirs in 1950 that the ancestor's attempt to turn over his property to three of his children would be considered as a life estate to them upon the termination of which a division among all the heirs would take place. There is no suggestion that any administration was attempted during the life of Leonard Johnson nor, in view of the court decree, was one needed. Accordingly, the presumption does not apply under these facts.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*