## A90A1761. PALMER v. PALMER et al.

(402 SE2d 369)

POPE, Judge.

This appeal arises from a dispute over the location of property or boundary lines between land belonging to plaintiff/appellant and certain of the defendants/appellees.

By warranty deed dated December 30, 1977, plaintiff Raymond C. Palmer deeded to his son defendant/appellee Emmett Mike Palmer a parcel of land located in Montgomery County, Georgia. As recited in the deed, the land consisted of "300 acres as shown by plat made by Leland H. Moss, Surveyor, from survey of November 4, 1977, recorded in Plat Book 4, Page 144, in the Office of the Clerk of the Superior Court of Montgomery County, Georgia, which plat and the record thereof are incorporated herein by reference and made a part hereof." On May 27, 1987, Mike Palmer conveyed substantially this same tract of land to defendants/appellees A. E. Branch and Brian A. Myers "[s]aid property being more particularly shown on a certain plat of survey prepared by Leland H. Moss, Surveyor, dated May 1, 1987, and recorded in Montgomery County Plat Book 6, Page 7. . . ."

Branch and Myers subsequently retained defendant/appellee Stone Container Corporation to cut timber from the property. Plaintiff, contending that defendants encroached upon and wrongfully removed timber from approximately 40 acres of his adjacent property, filed an action to restrain trespass and to recover damages for the timber he alleged was wrongfully cut. After the case was called for trial and the jury impaneled the parties entered into a Memorandum of Settlement wherein they agreed, and the trial court ordered, "that a panel of surveyors comprised of Charles Zeigler, Leland Moss, Sr., and Joe Davis, . . . establish that certain survey, [and] run and mark the lines thereby established, as shown on that certain plat of survey prepared by Leland H. Moss, Sr., dated 11-4-77 and recorded in Plat Book 4, page 144, Montgomery County Records. . . . In the event that the line established by said surveyors or surveyor substantially agrees with the compiled plat prepared by Charles M. Zeigler, surveyor, dated 9-28-88, the cost of this further survey work shall be born by Defendants, pro-rata. Conversely, in the event that the line established by said surveyors . . . substantially agrees with the plat prepared by Joe Davis dated 7-25-89 (4-25-89) the cost of this further survey work shall be paid by Plaintiff. In the event that the further survey establishes a line which does not comport to either of the above mentioned plats (Zeigler or Davis plat), but is found located between said southern boundaries as shown on said plats, the cost shall be paid by all parties pro-rata. In any event a determination shall be made whether timber has been wrongfully removed from

lands of Plaintiff, and if so, the value of the timber. . . ." The agreement also provided the mechanism for the appointment of an independent surveyor if a majority of the surveyors failed to establish the plat and specified that the "surveyors findings shall be binding upon these parties and the issues attendant in this case."

A majority of the surveyors subsequently presented to the court a plat of survey which "substantially agrees with the plat of survey, prepared by Joe Davis dated 7-25-89 (4-25-89)." Following an evidentiary hearing (which was not recorded), and pursuant to the Memorandum of Settlement, the trial court issued its "Final Order" finding, inter alia, that the plat presented to the court by a majority of the surveyors "represents the true property conveyed to Emmett Mike Palmer from Raymond C. Palmer, by warranty deed dated December 30, 1977. . . . The court further found "the southernmost property line as shown on the plat . . . is the true division line between the properties of Brian A. Myers and A. E. Branch (formerly lands of Emmett Mike Palmer) and property of Raymond C. Palmer, Plaintiff." Based upon the testimony of Joe Davis, the court also found that defendants did not wrongfully remove timber from plaintiff's land. The order of the court further provided that "[t]he lines as established by this order shall be binding on all parties, their heirs, successors and assigns. . . . When the above styled case was called for trial, Plaintiff did orally announce that he was dismissing his claim against defendants. . . . Therefore it is hereby ordered that said defendants are hereby dismissed with prejudice."

1. On appeal plaintiff contends the surveyors did not follow the order of the court in preparing the plat, the plat does not conform to the plat referred to in the settlement agreement and the plat as established by the court increases the amount of acreage conveyed. Conversely, defendants argue the plaintiff is bound by the terms of the memorandum of settlement, wherein the parties agreed to be bound by the findings of a majority of the surveyors.

Parties to a suit involving a dispute over property lines who agree to be bound by the result of a survey will be bound in accordance with their agreement. *Whaley v. Ellis*, 86 Ga. App. 790 (72 SE2d 653) (1952). "A compromise of a dispute is binding on the parties. The law favors compromises, and a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract. Where parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation. An agreement to dismiss a case upon the happening of a certain contingency is enforceable." (Citations omitted.) *Skinner v. Smith*, 120 Ga. App. 35, 36 (169 SE2d 365) (1969). "An order entered with the consent of counsel is binding on the client in the absence of

fraud, accident, mistake or collusion of counsel. (Cit.) . . . In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing. No fraud or mistake being shown, the [plaintiff] cannot complain of the judgment entered by consent and the judgment of the trial court must be affirmed." (Citations and punctuation omitted.) *Attwell v. Lane Co.*, 182 Ga. App. 813, 814 (2) (357 SE2d 142) (1987). See also *Johnson v. Shook*, 156 Ga. App. 878 (2) (275 SE2d 815) (1981).

2. Defendants' motion for imposition of a penalty pursuant to Court of Appeals Rule 26 (b) is granted and the trial court is hereby directed to enter judgment against the plaintiff in the amount of $200 upon return of the remittitur in this case.

*Judgment affirmed. Motion for penalty granted. Beasley and Andrews, JJ., concur.*

DECIDED FEBRUARY 20, 1991 — 

*D. Duston Tapley, Jr.*, for appellant.
*David B. Pittman, Jon Gary Branan*, for appellees.